James WILLIAMS, Senior,
Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida,
Respondent-Appellee.

No. 27204

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 18, 1969.

James Williams, Sr., pro se.

Morton J. Hanlon, Asst. Atty. Gen. of Florida, Lakeland, Fla., for respondent-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.

Appellant, a Florida prisoner, is serving a twenty year sentence for second degree murder, having been convicted on his plea of guilty. His petition for writ of habeas corpus was denied by the district court after an evidentiary hearing at which appellant was present and represented by court-appointed counsel. We affirm.

■■ In his petition to the court below, appellant alleged as grounds for relief various non-jurisdictional defects as well as incompetency of retained counsel and a coerced guilty plea. The district court limited the evidentiary hearing to the issue of whether appellant voluntarily entered the guilty plea with the advice and consent of effective counsel, stating that if the plea were found to be so entered, such action would constitute a waiver of all the alleged non-jurisdictional defects in prior proceedings. See Henderson v. United States, 5 Cir., 1968, 395 F.2d 209 and Busby v. Holman, 5 Cir., 1966, 356 F.2d 75.

The district court concluded from the evidence adduced at the hearing that appellant was effectively represented by retained counsel of his own choosing and that he voluntarily and knowingly entered his plea of guilty with the advice and consent of counsel in open court. The record demonstrates ample support for the findings and conclusions of the district court. The findings are in no sense erroneous. There the matter must and does end.

Affirmed.