James Edward JONES, Petitioner-Appellant,

v.

Olin G. BLACKWELL, Warden, Respondent-Appellee.

No. 30534.

United States Court of Appeals, Fifth Circuit.

Nov. 23, 1970.

James E. Jones, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This case comes to us from the district court's denial of a motion to vacate and set aside sentences entered on pleas of guilty. We affirm.[1]

Appellant contends that his privately retained counsel misled him into thinking that he was going to get a harsh sentence if he did not plead guilty. Thus, it is urged, his pleas were not made knowingly and voluntarily. We find no merit in these assertions.

Appellant was charged in two indictments with nineteen counts involving receiving, possessing and converting articles stolen from the United States mail, namely, various treasury checks and postal money orders. After the government had concluded its case in the trial on one of the indictments, appellant's attorney advised him that he felt that since they had no defense, he could get a lighter sentence by pleading guilty. Appellant changed his plea to one count of that indictment. Approximately ten days later he changed his plea to one count of the second indictment. The remaining seventeen counts were dismissed by the government.

After an evidentiary hearing, the district court found with ample support in the record that petitioner made a knowing and voluntary change of his plea in each instance. Rule 11, F.R.Crim. P., was fully complied with as is shown by the transcript of the proceedings.

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. See Kimbrough v. Beto, Director, 5 Cir., 1969, 412 F.2d 981.

The district court further found that appellant was adequately represented by privately retained counsel. This finding is in no sense erroneous. Williams v. Wainwright, 5 Cir., 1969, 415 F.2d 1136.

The judgment of the district court is due to be and it is affirmed.